IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Eric Prudhomme, *et. al,* Individually and on behalf of others similarly situated | Civil Action 15-00098 |
| v. | Judge Robert G. James |
| GEICO Casualty Insurance Company, *et al.* | Magistrate Judge Carol B. Whitehurst |

**GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER TO SECOND SUPPLEMENTAL AND AMENDING PETITION FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION**

Government Employees Insurance Company ("Government Employees") answers Plaintiffs' Second Supplemental and Amending Petition for Property Damages, Penalties, Attorney's Fees and for Class Certification ("Complaint") as follows:

1. Government Employees admits the allegations in Paragraph 1. Government Employees affirmatively alleges that it is a Maryland corporation that is regulated by both the Maryland and Louisiana Departments of Insurance and is properly licensed to sell insurance in the state of Louisiana.

2. Government Employees denies the allegations in Paragraph 2.

3. Paragraph 3 contains a legal conclusion to which no response is required from Government Employees. To the extent a response is required, Government Employees is without the knowledge or information sufficient to form a belief about the truth of the allegations.

4. In response to Paragraph 4, Government Employees admits it is authorized to do business in Louisiana, it issues insurance policies in Lafayette Parish, Louisiana, and Eric Prudhomme was a Government Employees policyholder at the time of the automobile

1

accident referenced in Paragraph 7 of the Complaint.  Government Employees is without the knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies them.

5. Government Employees denies the allegations in Paragraphs 5 and 6.

6. Government Employees is without the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

7. In response to Paragraph 8, Government Employees admits that a 2008 Kia Rondo LX listed on Eric Prudhomme's insurance policy was damaged, that Eric Prudhomme made a claim under his motor vehicle insurance policy with Government Employees, and that the vehicle was determined to be a total loss.  Government Employees denies all remaining allegations in Paragraph 8.

8. Government Employees is without the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

9. In response to Paragraph 10, Government Employees admits that it used the CCC Valuescope Value to determine the value of Eric Prudhomme's vehicle and that the reported pre-tax value was $8,885.00 and denies all remaining and contrary allegations in Paragraph 10.

10. Government Employees denies the allegations in Paragraph 11.

11. Government Employees is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 12 through 16 and therefore denies them.

12. Government Employees denies the allegations in Paragraphs 17 through 21. Government Employees affirmatively alleges that the CCC Valuescope Value Report in

2

question complies with the terms of the policy issued to Eric Prudhomme and with Louisiana law. Government Employees further affirmatively alleges that any determination of the value of a vehicle must be examined on a case-by-case basis.

13. In response to Paragraph 22, Government Employees admits that the collision provisions in its policies require Government Employees to pay covered damage to an insured vehicle subject to the terms, conditions, limitations, and exclusions in the policy and denies all remaining and contrary allegations. Government Employees affirmatively alleges that the CCC Valuescope Value Report complies with the policy issued to Eric Prudhomme and Louisiana law. Government Employees further affirmatively alleges that determination of the value of a vehicle must be examined on a case-by-case basis.

14. Government Employees denies the allegations in Paragraphs 23 through 38. Government Employees affirmatively alleges that the CCC Valuescope Value Report in question complies with the terms of the policy issued to Eric Prudhomme and Louisiana law. Government Employees further alleges that determination of the value of a vehicle must be examined on a case-by-case basis.

15. Government Employees denies the allegations in Paragraph 39 and subparts (a) through (c).

16. In response to Paragraphs 40 and 41, Government Employees admits that Eric Prudhomme purports to bring this action on behalf of himself and a putative class, but denies that the putative class is properly defined, that this case is suitable for class treatment, and that Eric Prudhomme or any putative class members are entitled to any relief. Government Employees denies any remaining allegations in Paragraphs 40 and 41.

17. Government Employees denies the allegations in Paragraph 42 and subparts

(i) and (ii).

18. Government Employees denies the allegations in Paragraph 43 through 49. Government Employees affirmatively alleges the CCC Valuescope Value Report in question complies with the terms of the policy issued to Eric Prudhomme and Louisiana law. Government Employees further affirmatively alleges that any determination of the value of a vehicle must be examined on a case-by-case basis.

19. Government Employees denies the allegations contained in the next (unnumbered) Paragraph which begins "WHEREFORE."

20. To the extent any allegation made has not been specifically addressed herein, Government Employees denies that allegation.

## AFFIRMATIVE DEFENSES

As separate, alternative, and affirmative defenses to the Complaint, Government Employees alleges:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the terms, conditions, definitions, limitations, and exclusions contained in the Policy issued by Government Employees, by public policy, and/or by express provision of law, and Government Employees pleads the terms, conditions, exclusions, and limitations of any policy of insurance as if copied and pled fully herein.

### Third Affirmative Defense

Government Employees asserts the doctrines of unjust enrichment and quantum meruit as

a bar to Plaintiffs' claims and some of all of the claims of the putative claims members.

### Fourth Affirmative Defense

By virtue of Plaintiffs' and some or all of the putative class members' own acts and conduct, Plaintiffs and some or all putative class members have waived their rights and/or are estopped from asserting their claims.

### Fifth Affirmative Defense

Government Employees alleges that any damages awarded against it are subject to an offset of any and all amounts recovered by Plaintiffs through any claim(s) and/or lawsuit(s) for which they seek recovery from Government Employees.

### Sixth Affirmative Defense

Government Employees alleges that Elvin Jack lacks standing to seek any compensatory relief from it in this case because Elvin Jack does not have a contract with Government Employees.

### Seventh Affirmative Defense

Some or all members of the putative class lack standing to seek any compensatory relief in this case, or against any of the GEICO entities other than the entity with whom they are insured.

### Eighth Affirmative Defense

At all times mentioned in the Complaint, Government Employees was asserting its legal rights under the Policy, with a good faith belief in the existence of those rights.

### Ninth Affirmative Defense

Government Employees is informed and believes, and on that basis alleges, that a person or entity not a party to this action was wholly or partially at fault for causing the damages for

which Plaintiffs seek recovery, thereby reducing or eliminating any damage owed by Government Employees, and that the relative degrees of fault of all parties and non-parties must be apportioned as a whole at one time by the trier of fact.

### Tenth Affirmative Defense

Government Employees is informed and believes, and on that basis alleges, that Plaintiffs failed to exercise reasonable and ordinary care, caution, and/or prudence to avoid the damages complained of in the Complaint.  Thus, as a separate and affirmative defense, Government Employees alleges that, upon information and belief, Plaintiffs were comparatively at fault for the alleged damages, if any, they sustained and that any damages awarded against Government Employees must be reduced proportionately by the amount of fault attributable to Plaintiffs.

### Eleventh Affirmative Defense

The acts alleged to have been committed by Government Employees were not the cause in fact, proximate cause, or legal cause of any damages alleged in the Complaint.

### Twelfth Affirmative Defense

Plaintiffs' alleged claims and damages, if any, were caused by the independent acts and/or omissions of other parties over whom Government Employees had no control and such acts and/or omissions are not imputable to Government Employees and bar Plaintiffs' claims against Government Employees.

### Thirteenth Affirmative Defense

Government Employees' alleged acts, conduct or omissions were lawful, privileged, or justified.

### Fourteenth Affirmative Defense

Plaintiffs' claims, and the claims of some or all putative class members, may be barred by

their failure to comply with requirements of their policies, or other prerequisites for bringing suit in their policies, including but not limited to compliance with the arbitration, appraisal, and/or "action against us" clauses of their respective policies.

### Fifteenth Affirmative Defense

To the extent Plaintiffs individually, or any member of any putative class, failed to mitigate, minimize, or avoid any damage they allegedly sustained, recovery against Government Employees, if any, must be reduced by that amount.

### Sixteenth Affirmative Defense

Government Employees alleges that the claims of putative class members may be barred by the applicable statute of limitations.

### Seventeenth Affirmative Defense

To the extent that the evidence in this case reveals that Plaintiffs' claims or the claims of putative class members are barred by the doctrines of *res judicata*, collateral estoppel, claim preclusion, or issue preclusion, Government Employees asserts such doctrines as a bar to Plaintiffs' and the putative class members' claims in this action.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by their failure to comply with the terms and conditions of their insurance policies. Moreover, the same would be true for any putative class member.

### Nineteenth Affirmative Defense

To the extent that the evidence reveals that Plaintiffs' claims are barred by the doctrine of accord and satisfaction, Government Employees asserts this defense as a bar to the claims.

### Twentieth Affirmative Defense

Government Employees alleges that Plaintiffs' claims, or members of the putative class'

claims, may be barred by: arbitration and award, appraisal, assumption of risk, contributory or comparative negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, unclean hands, and/or waiver.

### Twenty-First Affirmative Defense

Government Employees affirmatively alleges that it did not breach any provision of the insurance contract with any Plaintiff and, therefore, affirmatively alleges Plaintiffs' breach of contract cause of action fails as a matter of law.

### Twenty-Second Affirmative Defense

Plaintiffs' claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations, and common law related to the allegations of wrongdoing.

### Twenty-Third Affirmative Defense

Government Employees alleges that Plaintiffs, and some or all putative class members, are not entitled to recover costs under any cited statute, rule, or regulation.

### Twenty-Fourth Affirmative Defense

This suit may not be maintained as a class action because (a) Plaintiffs will not fairly and adequately protect the interests of the putative class, (b) common issues of fact or law do not predominate over questions affecting only individual members, (c) a class action is not an appropriate method for the fair and efficient adjudication of the controversy, (d) the other requirements of maintaining a class action have not been met, (e) class action is not an appropriate or superior method for addressing the claims brought by Plaintiffs as the individual questions exceed the common questions, and (f) aggregation of claims would deny Government

Employees due process by depriving Government Employees of its right to discover and present bona fide legal and factual defenses unique to a specific policyholder and transaction, including the defenses of no damages and those listed in this Answer.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims, and the claims of some or all members of the putative class, are barred under the economic loss doctrine (or other analogous doctrines recognized by other states whose law may be applicable to the claims of some members of the putative class).

### Twenty-Sixth Affirmative Defense

This action may be barred, in whole or in part, by the pendency of prior filed actions or appraisals, or through the individual resolution of claims.

### Twenty-Seventh Affirmative Defense

Under the doctrine of issue preclusion, Plaintiffs and the putative class members may not relitigate issues that have been decided against them in other litigation or individual resolution of the claims.

### Twenty-Eighth Affirmative Defense

Plaintiffs and the putative class members they purport to represent are not entitled to relief because there is no injury, or no injury caused by Government Employees, including the defenses of no damages and those listed in this Answer.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims, and the claims of some or all of the putative class members, violate Art. IV, § 1 of the United States Constitution insofar as they would result in invocation of Louisiana statutory law, or use of a Louisiana judicial forum, in a manner that does not give full faith and credit to the public Acts, Records, and Judicial Proceedings of other states.

### Thirtieth Affirmative Defense

Given Plaintiffs' current allegations, this appears to be an appropriate venue and forum for this lawsuit.  However, should they in some way amend their claims to, for instance, exclude all non-Louisiana based claimants, exclude class allegations, or in some other way Government Employees cannot foresee, this may not be an appropriate venue or forum.  Government Employees therefore asserts that this may be an improper venue or that this matter may be properly tried in another forum, under the *forum non conveniens* doctrine.

### Thirty-First Affirmative Defense

Plaintiffs' claims, and the claims of some or all putative class members, are barred because the matters set forth in the Complaint are within the primary jurisdiction of the Maryland Department of Insurance, the Louisiana Department of Insurance and/or the Louisiana Director of Insurance, or the corresponding departments or directors of the states in which the putative class members reside.

### Thirty-Second Affirmative Defense

Members of the putative class who are not residents of the State of Louisiana may not pursue claims against Government Employees based on Louisiana statutes.

### Thirty-Third Affirmative Defense

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiffs or members of the putative class who are not residents of the State of Louisiana may not maintain the claims in the Complaint against Government Employees.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims, and the claims of some or all of the putative class members, violate Art. I, § 8, cl. 2 of the United States Constitution insofar as they would result in invocation of

Louisiana statutory law, or use of a Louisiana judicial forum, in a manner that imposes an unreasonable burden on interstate commerce.

### Thirty-Fifth Affirmative Defense

Government Employees affirmatively alleges that it complied with LSA-R.S. 22:1892 (formerly R.S. 22:658) and LSA-R.S. 22:1973 (formerly R.S. 22:1220) and that its use of a CCC Valuescope Value Report complied with LSA-R.S. 1892(B)(5)(a) and (b).

Government Employees reserves the right to amend this Answer at a later time to assert any matter constituting an avoidance or affirmative defense, including, without limitation, those matters set forth in Federal Rules of Civil Procedure 8(c), as discovery shows to be applicable.

WHEREFORE, Government Employees prays for judgment as follows:

1. That the Court deny any request to certify this as a class action;

2. That Plaintiffs take nothing against Government Employees by their Complaint;

3. That the Court enter judgment in favor of Government Employees and against Plaintiffs on any and all claims for relief alleged against Government Employees in the Complaint;

4. That Government Employees be awarded its attorneys' fees and costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED this 27th day of October, 2017.

RESPECTFULLY SUBMITTED:

                                                LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                                By   /s/ Ian M. Fischer
                                                    Dan Goldfine *(admitted pro hac vice)*
                                                    Joshua Grabel *(admitted pro hac vice)*
                                                    Ian M. Fischer *(admitted pro hac vice)*
                                                    201 E. Washington Street, Suite 1200
                                                    Phoenix, Arizona  85004

        Tel: (602) 262-5311
        Fax: (602) 262-5747
        Email: dgoldfine@lrrc.com
        Email: jgrabel@lrrc.com
        Email: ifischer@lrrc.com

    and

By /s/ Stephen R. Barry (with permission)
  Stephen R. Barry (#21465)
  Daphne P. McNutt (#20292)
  Kathleen C. Marksbury (#1902)
  K.E. "Libby" Heinen (#24452)
  Barry & Co., LLC
  405 West Main Street, Suite 101
  Lafayette, LA 70501
  Tel: (337) 237-2889
  Fax: (337) 237-2878
  Email: sbarry@barrylawco.com
  Email: dmcnutt@barrylawco.com
  Email: kmarksbury@barrylawco.com
  Email: lheinen@barrylawco.com

  and

By /s/ Mark J. Neal (with permission)
  Mark J. Neal (#24580)
  Neal Law Firm
  2485 405 West Main Street, Suite 101
  Monroe, LA 71203
  Tel: (318) 807-0929
  Email: mneal@neallawfirm.net

  *Counsel for Defendants Government Employees Insurance Company and GEICO General Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system or by United States Mail, postage prepaid.

                                                         */s/Ian Fischer*