# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| ERIC PRUDHOMME, ET AL. | CIVIL ACTION NO. 15-0098 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GEICO INSURANCE CO., ET AL. | MAG. JUDGE CAROL B. WHITEHURST |

# RULING

Pending before the Court is a "Motion To Dismiss Elvin Jack's Second Supplemental And Amending Petition For Damages Or, Alternatively, Motion To Compel Appraisal filed by Defendant, GEICO General Insurance Company" [Doc. No. 69]. On February 9, 2018, Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 78], recommending that the Court deny the Motion to Dismiss. Defendant GEICO General Insurance Company ("GEICO General") filed objections [Doc. No. 79], and Plaintiff Elvin Jack ("Jack") filed a response.

Having conducted a *de novo* review of the entire record, including the parties' objections and responses filed herein, and concurring with the Magistrate Judge's findings under the applicable law, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. The Court issues this Ruling to provide the following additional analysis.

Plaintiff contends that Defendant's use of the CCC Valuescope value, instead of the NADA or Kelly Blue Book values, results in unfairly low valuations of totaled vehicles. Plaintiff additionally alleges that Defendant intentionally used the CCC Valuescope value to undervalue total loss vehicles.

This Court agrees with the Magistrate Judge's recommendation that Defendant's Motion

to Dismiss be denied. This Court also believes that even if a one-year prescriptive period applied, Plaintiff's Second Supplemental and Amending Petition [Doc. No. 67] relates back to the time of the filing of the original Petition.

Federal Rules of Civil Procedure, Rule 15(c)(1)(B) allows the amendment to relate back when the amendment arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading, or where the defendant was not prejudiced in defending the case and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

GEICO General certainly was not prejudiced by the naming of GEICO Casualty. The Petition set forth proper facts upon which GEICO General knew or should have known the suit would have been brought against it, but for a mistake.

Accordingly, for these reasons and those set forth in the Report and Recommendation, adopted by this Court, GEICO General's Motion to Dismiss is DENIED.

MONROE, LOUISIANA, this 16th day of March, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE