## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Prudhomme et al                     Civil Action No.  15-CV-00098

Versus                           Judge Terry A Doughty

Geico Insurance Co et al            Magistrate Judge Carol B Whitehurst

### <u>MEMORANDUM ORDER</u>

Before the Court is a Motion For Reconsideration Of Order On Motion To Reset Deadlines [Rec. Doc. 114] fled by Defendants, Government Employees Insurance Company and GEICO General Insurance Company (collectively "GEICO"), Plaintiffs' Memorandum in Opposition [Rec. Doc. 130], and Defendants Reply thereto [Rec. Doc. 136]. In its Motion, GEICO moves that Court to reconsider its orders granting Plaintiffs' Motion to Reset Deadlines and entering Plaintiffs' Proposed Rule 16 Class Certification Scheduling Order, *R. 104, 105.*

A motion seeking "reconsideration" such as the instant motion may be construed under Federal Rule of Civil Procedure 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *In re Katrina Canal Breaches Consol. Litig.*, 2009 WL 2447846, at *2

(E.D.La. Aug. 6, 2009); *accord McGillivray v. Countrywide Home Loans, Inc*., 360 F. App'x 533, 537 (5th Cir.2010).

Federal Rule of Civil Procedure 16(b) governs the scheduling and case management.  The rule provides governs the completion of discovery once once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990). As a general matter, where the deadline for seeking leave to amend pleadings has expired – as it had here before the undersigned issued its Order – the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A*., 315 F.3d 533, 536 (5th Cir.2003).

Here, in granting the motion at issue, the Court considered Plaintiffs' arguments in its previously filed Motion To Compel, consisting of complaints of inadequate responses by Geico's witnesses, including the 30(b)(6) witness, as well as complaints of objections to written discovery and refusals to produce documents in production requests. *R. 99*. In their opposition, Plaintiffs contend the parties had

an "informal agreement" to extend and reset deadlines before the discovery deadline of March 29, 2019. *R. 128.* Geico disputes any such agreement, formal or informal. Copies of emails attached to Plaintiffs' opposition, however, confirm that the parties were discussing such extensions and that they were "attempting to work through various issues" without the need for this Court to intervene. *See*, *128-3, Exh. 2, March 27, 2019 email from Whaley to Fischer* ("Yes, we do need to discuss extending the deadlines currently in place as we have previously discussed generally.); *June 6, 2019 email from Fischer to Whaley* (Geico indicated it is "still investigating whether any documents still exist").[1] The Court also considered Plaintiffs' concern for additional discovery and information from Geico regarding the CCC valuation product the primary focus of this case. Plaintiffs' complained that Geico's witnesses were unable to address with adequate knowledge Plaintiffs' questions related to the CCC valuation products.

Geico contends that Plaintiffs' actions which lead up to and included the Court granting Plaintiffs' motion for extension of deadlines, *R. 102,* were a "tactical ruse" "to not disclose an expert" which "unfairly prejudice[d] Geico and the fair administration of justice." *R. 114.* Geico complains that the Court granted Plaintiffs' proposed schedule without hearing its opposition. It argues that the Court's unilateral

---

[1] In its motion, Geico states that it considered a motion to extend the discovery deadlines based on its failure to receive interrogatories and production from a third party. *R. 1*

3

action highly prejudiced Geico by disclosing its expert's opinions before Plaintiffs committed to an expert report. While Plaintiffs state that they "did not review the reports," *R. 130,* Geico argues that there have been no declaration(s) submitted to that effect.

The Court has thoroughly and carefully considered Geico's motion for reconsideration and its reply to Plaintiffs' Opposition Memorandum. Based on the foregoing recount of the information initially considered by the Court in granting the Motion to Reset Deadlines and entering the Class Certification Scheduling Order, and after considering Geico's Opposition and Reply Memoranda, the Court finds Plaintiffs' Motion was filed in good faith and was not a "tactical ruse" to discover Geico's expert. The Court agrees that Plaintiffs' were blameworthy for failing to file a motion for extension, however, the language in the emails between Geico's counsel and Plaintiffs' counsel at least implied that an informal agreement was being discussed in order to complete discovery. The Court finds that failing to reset Plaintiffs' expert report deadline would be seriously prejudicial to Plaintiffs' case, if not fatal. While Geico was prejudiced, the Court notes that prior to filing its expert report, Geico never contacted nor initiated an inquiry with the Court regarding

Plaintiffs' failure to comply with the expert deadline. Rather, after the last June 6, 2019 email, Geico produced its expert report, albeit timely, on June 14, 2019.[2]

Geico suggests that the Court vacate the extension order and that any additional discovery should be limited to the motion to compel. Geico maintains the Court's scheduling order should also be vacated and any subsequent deadlines should give Geico at least as much time as it had in the original schedule. The January 10, 2019 Scheduling Order provided 15 days between the discovery deadline and Plaintiffs' expert reports, Geico's expert report deadline was 60 days after Plaintiffs' report was filed and expert depositions were 60 days after that. *R. 96.*

Accordingly,

IT IS ORDERED that Geico's Motion For Reconsideration Of Order On Motion To Reset Deadlines [Rec. Doc. 114] is **GRANTED**. In order to minimize prejudice to any of the parties, the Court will issue a new (and final) Scheduling Order setting out deadlines as requested by Geico, specifically allow Geico to Supplement its expert report or retain new or additional experts, and order that Plaintiffs' counsel and anyone associated with Plaintiffs' counsel refrain from reviewing Geico's expert report.

---

[2] It appears to the Court that Plaintiff could have also alleged that Geico's actions may have been a "ruse"—of "gotcha."

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this 6th day of September, 2019.

 

 

 

 

                                                        _____
                                                        **CAROL B. WHITEHURST**
                                                        **UNITED STATES MAGISTRATE JUDGE**

6