IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ERIC PRUDHOMME,** *et al.,*                    CASE NO: 6:15-cv-00098
**Individually and on behalf**
**of others similarly situated**                 JUDGE TERRY A. DOUGHTY

**vs.**                                          MAGISTRATE JUDGE
                                                 CAROL B. WHITEHURST

**GEICO CASUALTY INSURANCE**
**CO.,** *et al.*

## MOTION AND INCORPORATED MEMORANDUM FOR ENTRY OF A REVISED SCHEDULING AND DISCOVERY ORDER OR, ALTERNATIVELY, MOTION TO SET STATUS CONFERENCE

GEICO refuses to provide deposition dates for its experts within the timeline ordered by this Court. Additionally, GEICO refuses to voluntarily shorten its briefing window to accommodate its failure to do so. Further, even for the depositions for which it provides dates out-of-time, GEICO seeks to impose unique requirements on Plaintiff counsel, refusing to provide any scientific or medical basis for those requests or to identify which expert desires special accommodations. When Plaintiff counsel offered to alleviate those medical concerns through use of video depositions, GEICO refused.[1]

As a result, and unfortunately, Plaintiff counsel must now seek this Court's assistance on the mundane matters of when expert depositions should be scheduled, how they should be conducted, and how the existing schedule can be compressed to keep the October 20, 2020 class action hearing date.

---

[1] See Exhibit 1, E-mail chain between attorneys.

Plaintiffs submit a proposed revised schedule that accommodates GEICO's failure to timely provide deposition dates and still keeps the October 20, 2020 hearing date intact.[2]

Plaintiffs also seek an order from this Court compelling GEICO to submit its expert depositions via videoconferencing or withdraw all of its stated requirements for attendance at those depositions.  Rule 30(b)(4) of the Federal Rules of Civil Procedure expressly authorizes the relief sought in this request: "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." (Emphasis added). To balance the need to protect individual and public health while still promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, this Court should order, pursuant to Fed. R. Civ. P. 1, 30(b)(3) and 30 (b)(4), that GEICO's expert depositions proceed via videoconference or GEICO withdraw all of its stated requirements for personal attendance at those depositions.

For the Court's consideration, Plaintiff counsel attaches an order in the _3M Combat Arms Earplug Products Liability Litigation_ case, 19-MDL-2885, outlining protocols for video depositions.[3]  Plaintiff counsel suggests that this Court order that these protocols be instituted here as well.

For all of the foregoing reasons, Plaintiff counsel respectfully request the

---

[2] Exhibit 2, Redlined "Third Revised Rule 16 Class Certification Scheduling Order"
[3] Exhibit 3

following relief:

a.   Amendment of deadlines in the Third Revised Rule 16 Class Certification
Scheduling Order as set out in Exhibit 2;

b.   Pursuant to Fed. R. Civ. P. 1, 30(b)(3) and 30 (b)(4), GEICO's experts'
depositions shall proceed in the next thirty days via videoconference
pursuant to the protocols in Exhibit 3; and

c.   Should GEICO wish to have in-person depositions of its experts, that the
parties are not required to accommodate GEICO's restrictions and, instead,
directed to follow the most recent advice on social distancing as
recommended by the Center for Disease Control and state governments
where the depositions are conducted.

RESPECTFULLY SUBMITTED,

WHALEY LAW FIRM

/s/ J.R. Whaley_____
J.R. Whaley (La. Bar Roll No. 25930)
Benjamin H. Dampf (La. Bar Roll No. 32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Telephone: 225-302-8810
Facsimile: 225-302-8814

Kenneth D. St. Pe'
KENNETH D. ST PE' APLC
311 W. University Ave., Suite A
Lafayette, LA  70506

Stephen B. Murray, Jr.
Arthur M. Murray
THE MURRAY FIRM
650 Poydras Street, Suite 2150
New Orleans, LA  70130

Kenneth W. DeJean
LAW OFFICES OF KENNETH W. EDJEAN
Post Office Box 4325
Lafayette, LA  70502-4325

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid and/or via electronic transmission, this 21st day of May, 2020.

/s/  *J.R. Whaley*