UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC PRUDHOMME, ET AL.** | **CIVIL ACTION NO. 15-0098** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GEICO INSURANCE CO., ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Pending before the Court is "Defendants Government Employees Insurance Company and Geico General Insurance Company's Request for a Status Conference to Set a Class Certification Evidentiary Hearing Date in Front of the Honorable Terry A. Doughty" [Doc. No. 154]. Defendants seek a scheduling conference with the Court to re-set the class certification hearing, which is currently set before Magistrate Judge Whitehurst, before the undersigned.

Citing a very recent decision of the United States Court of Appeals for the Fifth Circuit, *Chavez v. Plan Benefit Servs., Inc.*, __ F.3d __, No. 19-50904, 2020 WL 2046545 (5th Cir. Apr. 29, 2020), Defendants contend that the undersigned should conduct the class certification hearing itself because the "rigorous analysis" requires a district judge to "find the facts." *Id.* at *3. If the class certification hearing were to go forward before Magistrate Judge Whitehurst and objections are made to her subsequent Report and Recommendation, Defendants interpret *Chavez* to require the undersigned to conduct a second evidentiary hearing to judge the credibility of witnesses himself.

Because Defendants did not indicate whether the instant motion was opposed, on May 20, 2020, the Court issued a Minute Entry [Doc. No. 155] setting a deadline of May 27, 2020, for Plaintiffs to respond to the motion.

On May 26, 2020, Plaintiffs filed their response. [Doc. No. 160]. Plaintiffs point out that the class certification evidentiary hearing is already set in front of Magistrate Whitehurst on October 22, 2020, and that the hearing was set on April 2, 2020. Plaintiffs contend that the process in place "has been used with great judicial efficiency in the almost procedurally and factually identical case of *Slade v. Progressive Sec. Ins. Co.*, Docket Number 11-cv-02164(WDLA)." *Id.* at p. 1. Plaintiffs dispute Defendants' contention that a second evidentiary hearing would have to be conducted by this Court if the class certification hearing were to go forward before Magistrate Judge Whitehurst.

The Court agrees with Plaintiffs. The *Chavez* did not announce a new rule of law, but rather relied on long-existing case law, under which district judges have regularly referred class certification hearings to the magistrate judges in their respective districts. In *Chavez*, the district judge chose to conduct the hearing himself, and the criticism directed by the Fifth Circuit was to this own less-than-rigorous examination. Nothing in that ruling requires district courts to discontinue the referral of class certification motions to magistrate judges to conduct evidentiary hearings and to issue reports and recommendations. As Plaintiffs point out, district judges "shall" make a *de novo* determination of the correctness of the underlying factual determinations and legal recommendations when objections to a report and recommendation are made, but whether or not new evidence is admitted is completely within the discretion of the district court. *See* 28 U.S.C §636(C) ("The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); *see also* LR 74.1B. Accordingly,

IT IS ORDERED that Defendants' Request for a Status Conference to Set a Class Certification Evidentiary Hearing Date in Front of the Honorable Terry A. Doughty" is DENIED. The hearing will proceed before Magistrate Judge Whitehurst, and all related motions will be

directed to her.

MONROE, LOUISIANA, this 27th day of May, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE