IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ERIC PRUDHOMME, et al., Individually
and on behalf of others similarly situated,

        Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, et al.,

        Defendants.

Civil Action 15-00098

Judge Terry A. Doughty

Magistrate Judge Carol B. Whitehurst

**DEFENDANTS GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO GENERAL INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO RECONSIDER DENIAL OF THEIR MOTION TO COMPEL TESTIMONY FROM DR. JOHNETTE HASSELL, TO REOPEN DISCOVERY, AND TO COMPEL TESTIMONY FROM DR. HASSELL**

Defendants Government Employees Insurance Company and GEICO General Insurance Company (collectively, "GEICO") respectively submit this Memorandum in Support of their Motion to Reconsider Denial of Their Motion to Compel Testimony From Dr. Johnette Hassell, To Reopen Discovery, and To Compel Testimony From Dr. Hassell.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... II

MEMORANDUM IN SUPPORT............................................................................................... 1

I. PLAINTIFFS WRONGLY INSTRUCTED DR. HASSELL NOT TO TESTIFY ABOUT HER WORK IN OTHER SIMILAR CASES .......................................................... 2

II. THIS COURT HAS BROAD DISCRETION TO RECONSIDER ITS INTERLOCUTORY ORDER ................................................................................................. 2

III. THE COURT SHOULD RECONSIDER ITS ORDER BECAUSE PLAINTIFFS HAVE CHANGED POSITIONS ON THE RELEVANCE OF *SLADE* ............................................. 3

IV. THE ORDER RESTS UPON MANIFEST ERRORS OF LAW........................................... 7

   A. Dr. Hassell's Work In The Other Cases Is Discoverable And Relevant ......................... 7

   B. Dr. Hassell's Work In The Similar Cases Is Not Protected From Disclosure ................ 9

V. FILINGS IN *SLADE* SINCE THIS COURT DENIED GEICO'S MOTION TO COMPEL JUSTIFY RECONSIDERATION OF THIS COURT'S ORDER ....................... 10

VI. CONCLUSION.................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Chavez v. Plan Benefit Servs., Inc.*,
  957 F.3d 542 (5th Cir. 2020) ............................................................................................... 4, 6
*Curtis v. Progressive Northern Insurance Company*,
  No. Civ-17-1076-C (W.D. Okla.) ............................................................................................ 1
*Duarte v. St. Paul Fire and Marine Ins. Co.*,
  No. EP-14-CV-305-KC, 2015 WL 7709433 (W.D. Tex. Sept. 25, 2015) ................................. 6
*Expeditors Int'l of Wash., Inc. v. Vastera, Inc.*,
  No. 04 C 0321, 2004 WL 406999 (N.D. Ill. Feb. 26, 2004) .................................................. 8, 9
*Florida v. Abbott Labs.*,
  No. 08–155–SLR, 2009 WL 1764566 (D. Del. June 23, 2009) ............................................... 5
*Gautreaux v. Louisiana Farm Bureau Casualty Insurance Company*,
  280 So. 3d. 694 (La. Ct. App. 2019) ...................................................................................... 1, 4
*Gobert v. Allstate Insurance Company*,
  No. 6:15-CV-222-JWD-CBW (W.D. La.) ............................................................................... 1
*Jefferson v. Delphi Auto. Sys. LLC*,
  No. 2:14-CV-320, 2015 WL 8479066 (S.D. Tex. Dec. 10, 2015) ........................................... 8
*Johnson v. Faniel*,
  No. 6:17-CV-00571, 2020 WL 262758 (W.D. La. Jan. 16, 2020) .......................................... 2
*Jones v. Progressive Casualty Insurance Company*, *et al.*,
  No. 3:16-cv-06941-JD (N.D. Cal.) .......................................................................................... 1
*Lewis v. All About You Home Healthcare*,
  No. 2:18-CV-1409, 2020 WL 1466436 (W.D. La. Mar. 19, 2020) ......................................... 8
*Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*,
  259 F. Supp. 2d 471, 474-75 (M.D. La. 2002) ....................................................................... 2
*Mayberry v. Wal-Mart La., LLC*,
  No. 14-CV-478, 2015 WL 420284 (W.D. La. Jan. 29, 2015) ................................................. 9
*Moore v. Denbury Onshore, LLC*,
  No. 3:14CV913, 2016 WL 843384 (W.D. La. Mar. 1, 2016) .................................................. 3
*Phillips v. Raymond Corp.*,
  213 F.R.D. 521 (N.D. Ill. 2003) ............................................................................................. 7, 8
*Slade v. Progressive Sec. Ins. Co.*,
  No. 6:11-CV-2164, 2014 WL 6484588 (W.D. La. Oct. 31, 2014), *rev'd and
  remanded*, 856 F.3d 408 (5th Cir. 2017) ........................................................................ passim
*Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*,
  677 F.3d 720 (5th Cir. 2012) .................................................................................................. 1, 2
*Swiatek v. Bemis Co., Inc.*,
  No. 08-6081(TJB), 2011 WL 4753417 (D.N.J. Oct. 7, 2011) ................................................. 5
*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................................................ 4, 6
*Zarnow v. City of Wichita Falls, Tex.*,
  614 F.3d 161 (5th Cir. 2010) .................................................................................................. 2

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 4
Fed. R. Civ. P. 26 .......................................................................................................... passim
Fed. R. Civ. P. 30 ................................................................................................................. 9
Fed. R. Civ. P. 54 .............................................................................................................. 1, 2
Fed. R. Civ. P. 59 .............................................................................................................. 2, 3
Fed. R. Civ. P. 60 ................................................................................................................. 3

## **MEMORANDUM IN SUPPORT**

Under Federal Rule of Civil Procedure 54(b), this Court has broad discretion to revise its own order, for any reason, at any time before a final adjudication of the case. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 726-28 (5th Cir. 2012). This Court should reopen discovery and compel Dr. Hassell to testify about her work on these other cases because:

1. Plaintiffs misstated to this Court that they would not rely on *Slade* and certain other similar cases[1] (collectively *Slade*) and their expert's work in those cases. Relying on these misstatements, this Court denied GEICO's Motion to Compel, barring GEICO from taking discovery about Plaintiffs' expert's work in *Slade* and validating Plaintiffs' counsel's improper tactic of instructing their expert witness not to answer questions about those cases during her deposition. Recently, in their motion for class certification (Doc. 183), Plaintiffs reversed their position on the relevance of Dr. Hassell's work and opinions in *Slade*, now arguing that the Court should rely on what she did in those cases. Plaintiffs cannot have it both ways. Dr. Hassell's work in similar cases is either relevant and hence discoverable or it is not.

2. The order denying GEICO's Motion to Compel was based on an erroneous interpretation of the law governing expert discovery; and

3. Recent, public filings in *Slade* belie the similarities between Dr. Hassell's opinions in that case and her opinions in this case, further supporting GEICO's right to explore

---

[1] The cases include: *Slade v. Progressive Security Insurance Company*, No. 6:11-CV-2164 (W.D. La.), *Curtis v. Progressive Northern Insurance Company*, No. Civ-17-1076-C (W.D. Okla.), *Gautreaux v. Louisiana Farm Bureau Casualty Insurance Company*, No. 19-17 (La. Ct. App.), *Jones v. Progressive Casualty Insurance Company, et al.*, No. 3:16-cv-06941-JD (N.D. Cal.) and *Gobert v. Allstate Insurance Company*, No. 6:15-CV-222-JWD-CBW (W.D. La.).

her opinions in these similar cases. [2]

## I. PLAINTIFFS WRONGLY INSTRUCTED DR. HASSELL NOT TO TESTIFY ABOUT HER WORK IN OTHER SIMILAR CASES

Dr. Hassell has offered opinions as an expert similar to the opinions she offers here in five other cases in which the plaintiffs assert similar claims and theories as the Plaintiffs assert here. During Dr. Hassell's March 11, 2020 deposition, Plaintiffs' counsel improperly instructed her to refuse to respond to GEICO's questions regarding her work for those cases. *See* Johnette Hassell Dep., March 11, 2020 ("Hassell Dep."), attached as Ex. 1, 290:12-294:9 (instruction based on "relevance," "badgering," "wasting [their] time," "asked and answered," and "almost out of time"). GEICO moved to compel Dr. Hassell's testimony, citing authority entitling it to testimony concerning her work as an expert in similar cases. Doc. 159 at 6-9. Plaintiffs responded that her work in those cases is not relevant here. Doc. 165. This Court agreed that Dr. Hassell's work and opinions in those other cases is not relevant, and denied GEICO further testimony about those cases from Dr. Hassell. Docs. 175, 176.

## II. THIS COURT HAS BROAD DISCRETION TO RECONSIDER ITS INTERLOCUTORY ORDER

Fifth Circuit "precedent establishes that '[a] trial court [is] free to reconsider and reverse [interlocutory orders] for any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law.'" *Stoffels*, 677 F.3d at 727-28 (alterations in original) (quoting *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010)). Rule 54(b) has no standard, but courts generally apply "a less exacting version of the standard used to alter or amend a final judgment under Rule 59(e)." *Johnson v. Faniel*, No. 6:17-CV-00571, 2020 WL 262758, at *2 (W.D. La. Jan. 16, 2020) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474-75 (M.D. La. 2002)); *see*

---

[2] GEICO incorporates its Motion to Compel (Doc. 159) and its Reply Mem. In Supp. (Doc. 171) as if fully set forth herein.

*also Moore v. Denbury Onshore, LLC*, No. 3:14CV913, 2016 WL 843384, at *2 (W.D. La. Mar. 1, 2016) ("courts in this district" examine Rules 59 and 60 "for guidance").  "Under Rule 59(e), a motion to alter or amend a judgment may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law."  *Moore*, 2016 WL 843384, at *2 (internal quotations omitted).  Here, three of these factors warrant granting this Motion.

### III.  THE COURT SHOULD RECONSIDER ITS ORDER BECAUSE PLAINTIFFS HAVE CHANGED POSITIONS ON THE RELEVANCE OF *SLADE*

Plaintiffs cannot have it both ways.  If Dr. Hassell's work and opinions in *Slade* and the other total loss cases are not relevant here, then they should not be arguing that Dr. Hassell's work and opinions in *Slade* and the other total loss cases justify certifying a class here, as they do in their Memorandum in Support of Amended Motion for Class Certification ("Class Certification Motion") (Doc. 183).  Since Plaintiffs argued in opposition to GEICO's Motion to Compel that *Slade* and the other similar cases are not relevant here, Plaintiffs have changed positions, in direct conflict with their earlier stance.  GEICO is entitled to fully examine Plaintiffs' contradictory positions and to do so must have the opportunity to depose Dr. Hassell about her work and opinions in those other cases.

In their Response to GEICO's Motion to Compel (Doc. 165), Plaintiffs repeatedly deemed *Slade* and similar cases as irrelevant:

- *Slade* is "an entirely different case." *Id*. at 2.
- Dr. Hassell's "opinions in other total loss cases are also not relevant" to this case. *Id.*
- "**THE CAPTION OF THIS CASE IS *PRUDHOMME V. GEICO*, NOT *SLADE V. PROGRESSIVE*.**" *Id.* (emphasis in original).
- *"*It would have been unfair to allow the Defendants to question Dr. Hassell on her opinions in those cases." *Id.* at 3.
- "It is waste of time and irrelevant to this case to have Dr. Hassell testify about a prior expert report she did not rely upon." *Id.* at 7.

3

On June 29, 2020, this Court held oral argument on the Motion to Compel. Doc. 175. GEICO expressly argued that Plaintiffs and their expert would rely on the rulings in *Slade* and *Gautreaux* and what Dr. Hassell did to form her opinions in those cases. Goldfine Declaration, attached as Ex. 2. Plaintiffs' counsel repeated the above, that Dr. Hassell's work and opinions in *Slade* and the other cases are not relevant to the instant case. *Id.* After Plaintiffs' argument, this Court denied GEICO's motion to compel, agreeing that *Slade* is not relevant in this case. *Id.*

Now, having successfully blocked GEICO's attempt to depose their only expert on class certification about her similar work in *Slade* and other similar cases, Plaintiffs reverse course. In their Class Certification Motion, they contend: "*This Court Should Adopt the Slade District Court's Reasoning*" and certify the class in this case. Doc. 183 at 21. Plaintiffs urge this Court to adopt Dr. Hassell's opinion's framework in *Slade* and to "[s]imply substitute[e] 'GEICO' for 'Progressive,' and 'CCC' for 'WCTL'" and "adopt wholesale the language from the district court in *Slade*" – language implicating the very opinions Dr. Hassell offers. *Id.* A review of Plaintiffs' Class Certification Motion reveals that their entire argument for proving by the preponderance of the evidence is that Dr. Hassell's opinion in *Slade* proves predominance here. *Id.* at 20-21 (noting Plaintiffs' mistitling of its predominance argument as its superiority argument). If Rule 23's rigorous analysis imposed by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), and *Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542 (5th Cir. 2020), means anything, it means that the party opposing a motion for class certification should be permitted to take discovery into the motion's key bases for class certification.

Plaintiffs explicitly argue in their Class Certification Motion that Dr. Hassell and her framework were "approved by this Court in *Slade* and the *Gautreaux* Court," and "[l]ike in" those cases, she provides a damages theory and methodology they want this Court to adopt. Doc. 183 at 12. Plaintiffs quote the reasoning in *Slade*, 2014 WL 6484588 (W.D. La. Oct. 31,

4

2014), that "individual issues will be resolved by automated processing of computer data, the same method by which Progressive used WCTL to determine values in the first place," which was based on Dr. Hassell's opinions and work. Doc. 183 at 22. They also claim the "Fifth Circuit also approved Dr. Hassell's proposed methodology." *Id.* at 13. All of this, Plaintiffs earlier argued was entirely irrelevant here. Doc. 165 at 2 (*Slade* is "an entirely different case").

Plaintiffs are improperly using *Slade* and the other similar cases as both swords and shields through their contradictory positions – that the *Slade* reasoning should be adopted "wholesale" while the underlying bases for the Court's reasoning (Dr. Hassell's opinions on the availability of data and how she formed them) are irrelevant and cannot be explored. Such gamesmanship denies GEICO the right to explore and cross examine Dr. Hassell's similar opinions in similar cases, which in turn hampers GEICO's ability to oppose Plaintiffs' argument that the *Slade* reasoning is applicable here. *See, e.g.*, *Swiatek v. Bemis Co., Inc.*, No. 08-6081 (TJB), 2011 WL 4753417, at *2-3 (D.N.J. Oct. 7, 2011) (precluding party from affirmatively introducing evidence the party refused to produce in discovery); *Florida v. Abbott Labs.*, No. 08–155–SLR, 2009 WL 1764566, at *1 (D. Del. June 23, 2009) ("[P]laintiffs cannot use information as both a shield and a sword; if the information is relevant, plaintiffs must disclose it or be subject to adverse inferences at trial.").

GEICO firmly maintains that the reasoning and conclusion in *Slade* on class certification do not apply here. Dr. Hassell has already testified that the two systems (CCC and WCTL) are different, and thus her opinions are different. Ex. 1, Hassell Dep., 274:1-7 ("[T]he facts and this case are different, the system is different."). Contrary to Plaintiffs' argument that one can "simply" substitute the system in *Slade* (WCTL) for CCC, discovery in this case concerning CCC shows the two systems are distinctly different. *See* Doc. 185, GEICO's Mem. In Supp. of Mot. to Exclude The Opinions of J. Hassell at 23-25.

5

However, while the differences between the systems in *Slade* and this case mean the *Slade* reasoning cannot simply be adopted for this case, Dr. Hassell's opinions in that case are still discoverable here. To meet the standard for discoverability under Rule 26, an expert's opinions need not be the same in both cases. *See Duarte v. St. Paul Fire and Marine Ins. Co.*, No. EP-14-CV-305-KC, 2015 WL 7709433, at *3, *6-7 (W.D. Tex. Sept. 25, 2015) (discovery of expert's prior reports and testimony governed by the general Rule 26(b)(1) standard, that it simply be "relevant to any party's claim or defense"). To the contrary, Plaintiffs' argument that the *Slade* reasoning should be adopted here constitutes a new, separate, and distinct reason for compelling Dr. Hassell's testimony, so that GEICO may assert its right to oppose this argument regarding class certification in full.

GEICO has the right to seek discovery from Dr. Hassell on its own terms. Plaintiffs' suggestion that GEICO should be content with Dr. Hassell's *Slade* deposition (which GEICO does not have) or with whatever GEICO can glean from public filings in these cases is not a suitable alternative. *See* Doc. 165 at 4-5, 10.

Plaintiffs, who successfully argued to this Court that Dr. Hassell's opinions about class certification in these other cases were immaterial here, now claim that one of those cases, *Slade*, so closely mirrors the factual and legal elements in this case that "this Court can adopt wholesale" the *Slade* Court's ruling on class certification. Plaintiffs cannot have it both ways. To deny GEICO the opportunity to explore Dr. Hassell's opinions on class certification in *Slade* and other similarly situated cases **as irrelevant** while contending that the reasoning and ruling on class certification in *Slade* **is relevant** would be manifestly unjust. Such a denial is squarely contrary to the rigorous analysis required by *Dukes* and *Chavez*. It further violates principles underlying the discovery rules set forth in the Federal Rules of Civil Procedure and the limiting principles of the Due Process Clause and the Rules Enabling Act.

6

IV.     **THE ORDER RESTS UPON MANIFEST ERRORS OF LAW**

   A. **Dr. Hassell's Work In The Other Cases Is Discoverable And Relevant**

As a matter of law, GEICO is entitled to explore Dr. Hassell's prior work – including her opinions in those cases and the bases thereof, particularly when that prior work concerns Dr. Hassell's approaches to the same or similar issues that exist in this case. And it does not matter whether the expert admits to relying on or considering that prior work.

> Counsel are [] free to question expert witnesses about alternative analyses, testing methods, or approaches to the issues on which they are testifying, **whether or not the expert considered them in forming the opinions expressed.**

Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (emphasis added).[3] If the law were otherwise, and required an expert to affirmatively admit to relying on prior work before answering questions about that work, none of an expert's prior work would ever be discoverable.

*Phillips v. Raymond Corp.*, 213 F.R.D. 521 (N.D. Ill. 2003), is instructive. In *Phillips*, the district court overruled the magistrate judge's decision to limit discovery of Raymond's expert to prior opinions about a specific type of forklift. *Id*. at 524. Raymond argued its expert did not rely on his work with other types of forklifts, hence his prior opinions on other forklifts were immaterial. *Id*. While the magistrate "bought into [this] argument," the district court did not. *Id*. The court reasoned that the factfinder is to determine whether "similarities or lack of similarities" with the expert's prior work are persuasive. *Id*. For the factfinder to make such a determination, Phillips was "***entitled*** to obtain chapter and verse of [the expert's] prior expressions of opinion about other forklifts and about other injuries sustained by their operators." *Id*. (emphasis added). The court found that the magistrate's limit on expert discovery was "***overly restrictive*** as a matter of law" and "cannot be permitted to bar Phillips' access to information that is ***legitimately required*** for the prosecution of his lawsuit." *Id*. at 525 (emphasis

---

[3] *See also* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (parties are not precluded from "asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B)").

7

added) (explaining that the magistrate "would have come to the same conclusion" had he been provided the same submissions and given "time for consideration or reconsideration").

As in *Phillips,* the argument that Plaintiffs presented to this Court – that Dr. Hassell's work in these other total loss cases was not discoverable because she did not rely on or consider that work when developing her opinions in this case (Doc. 165 at 5-7) – is wrong as a matter of law. Barring GEICO from questioning Dr. Hassell about her work on other total loss cases – which are at the very least factually and legally similar – is just as "overly restrictive" as the order in *Phillips.*

Courts acknowledge that the rules of discovery are accorded a broad and liberal interpretation for "adequately informing litigants in civil trials" and relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Lewis v. All About You Home Healthcare*, No. 2:18-CV-1409, 2020 WL 1466436, at *1 (W.D. La. Mar. 19, 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 98 S. Ct. 2380, 2389 (1978)); *see also* Fed. R. Civ. P. 26(b)(1) (allowing discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). In *Expeditors Int'l of Wash., Inc. v. Vastera, Inc.*, No. 04 C 0321, 2004 WL 406999 (N.D. Ill. Feb. 26, 2004), the court found that a party was "entitled to explore the purported factual and legal bases of [expert]'s damages opinions as well as potential inconsistencies between the views he intends to express in the underlying case . . . and the damages theories and methodologies he had adopted, in his prior . . . cases." *Id.* at *2.[4] In contrast, Plaintiffs' opposition to GEICO's motion to compel failed to offer a single case to support their allegation that an expert's work in a similar case is not discoverable. *See* Doc. 165.

---

[4] In cases where a court has refused to compel such discovery, the expert's prior work was deemed unrelated and/or not available. *See Jefferson v. Delphi Auto. Sys. LLC*, No. 2:14-CV-320, 2015 WL 8479066 (S.D. Tex. Dec. 10, 2015). That is not the case here – especially since Plaintiffs' counsel now concedes that *Slade* is relevant to this case. *See supra* Section III.

8

This Court's denial of GEICO's Motion to Compel based on lack of relevance was a manifest error of law that the Court should correct.

### B. Dr. Hassell's Work In The Similar Cases Is Not Protected From Disclosure

Even if Plaintiffs' relevance objection was well taken (which it was not), Plaintiffs were wrong to instruct Dr. Hassell not to answer questions on this basis. Only three proper grounds exist to instruct a deponent to not answer questions during a deposition: "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *Mayberry v. Wal-Mart La., LLC*, No. 14-CV-478, 2015 WL 420284, at *3 (W.D. La. Jan. 29, 2015).

Counsel's instruction to Dr. Hassell was not necessary to preserve a privilege. *See* Ex. 1, Hassell Dep., 290:12-294:9 (instruction based on "relevance," "badgering," "wasting [their] time," "asked and answered," and "almost out of time"). Plaintiffs did not object on confidentiality grounds during Dr. Hassell's deposition, so they waived any such objection.

Even though Plaintiffs argued the protective order in *Slade* blanketed them with broad protection from disclosure (Doc. 165 at 8-9), they did nothing to prove to this Court that Dr. Hassell's opinions fall under the *Slade* protective order. *See Expeditors Int'l of Wash., Inc.*, 2004 WL 406999, at *4 (party's "burden to prove with specific evidence" that its expert's prior reports and testimony should be protected). And the substance of Dr. Hassell's opinions continues to be made available in public filings in *Slade*. *See infra* Section V.

When GEICO's Motion to Compel was heard, Plaintiffs had not moved for a protective order. Plaintiffs, having no basis for a protective order, still have not moved for one.

Plaintiffs had no basis to instruct Dr. Hassell to refuse to answer GEICO's questions during her deposition. Permitting the instruction to stand is manifest error and it would be unjust to allow Plaintiffs to benefit from this improper conduct.

9

V.    **FILINGS IN *SLADE* SINCE THIS COURT DENIED GEICO'S MOTION TO COMPEL JUSTIFY RECONSIDERATION OF THIS COURT'S ORDER**

An independent reason to reconsider the Order denying GEICO's Motion to Compel concerns recent developments in *Slade*, which support the proposition that Dr. Hassell's opinions in *Slade* and other similar cases are relevant and discoverable here. A recent filing in *Slade* discloses that Dr. Hassell provided a second report, years after a class was certified in that case, in which she "admits that the process of obtaining clean retail values from the NADA Guide to compare to WCTL base values 'would have to be done manually by a user entering each vehicle's data individually' for all 42,000 class members." Progressive's Motion to Decertify The Class at 10, *Slade v. Progressive Sec. Ins. Co.*, No. 6:11-cv-02164, Doc. 250-1, attached as Ex. 3 (citing 2020 Hassell Report, attached to Progressive's Motion as Ex. A, ¶ 66); *see also id.* (report "describe[es] a meticulous eight-step process for retrieving a single vehicle's NADA clean retail value from NADA's online interface" (citing Ex. A, 2020 Hassell Report ¶ 69)).

Dr. Hassell's apparent failure to deliver on her promise of an automated method to obtain and compare NADA values in *Slade* is relevant to the similar promise she makes here. GEICO maintains that the deficiencies in Dr. Hassell's opinion regarding the availability of NADA-related data here in this case is similar to her deficiencies in *Slade*, which apparently took six years to disclose to Progressive. On this basis alone, GEICO is entitled to depose Dr. Hassell. Her opinions in *Slade*, the similarities and dissimilarities to this case, how her *Slade* opinions evolved, and her methods in both cases – all of it affects GEICO's opposition to class certification and GEICO's motion to exclude Dr. Hassell in this case. Put simply, her opinions in *Slade* (and other similar cases) – including how and why those opinions have changed over time – demonstrate how her similar opinions in this case developed and may still change, and speaks to the reliability of her current opinions in this case. This Court (and GEICO) should not have to wait six years for Dr. Hassell to repeat her performance in *Slade*.

10

Also, when opposing GEICO's Motion to Compel, Plaintiffs represented that the substance of Dr. Hassell's opinions in *Slade* were confidential under that case's protective order. Doc. 165 at 8-9. Despite their claims that "[p]ublication of the [Hassell] report was unauthorized" (*id.* at 9) Plaintiffs have done nothing to prevent the substance of her opinions from appearing on the public docket since then. As an example, Progressive's Motion to Decertify The Class quotes Dr. Hassell's second report extensively (Ex. 3 at 2, 10-12, 18) as well as her deposition testimony (*id.* at 9-12, 17, 19-20, 22). While Plaintiffs have never met their burden to show that Dr. Hassell's work was ever confidential under *Slade*'s protective order, assuming they had, the parties in *Slade* have now irrevocably waived it. If this Court was inclined to consider Dr. Hassell's work in *Slade* as confidential, this development in *Slade* should trigger a reconsideration of that conclusion.

## VI.    CONCLUSION

GEICO is entitled to depose Dr. Hassell to discover facts concerning her work in other similar cases. GEICO respectfully requests that the Court reconsider its Order on GEICO's Motion to Compel, order Dr. Hassell to timely resume her deposition and answer GEICO's questions related to her opinions and work in other total loss cases, and reopen discovery for this limited purpose.

Respectfully submitted this 25th day of August, 2020:

By:    /s/ *Ian M. Fischer*
Dan W. Goldfine (admitted pro hac vice)
Joshua Grabel (admitted pro hac vice)
Ian M. Fischer (admitted pro hac vice)
HUSCH BLACKWELL LLP
2415 E. Camelback Road, Suite 420
Phoenix, AZ 85016
Tel: (480) 824-7900
Fax: (480) 824-7905
Dan.Goldfine@huschblackwell.com
Joshua.Grabel@huschblackwell.com
Ian.Fischer@huschblackwell.com

Mark J. Neal (#24580)
NEAL LAW FIRM
2485 405 West Main Street, Suite 101
Monroe, LA 71203
Tel: (318) 807-0929
mneal@neallawfirm.net

By: /s/ *Stephen R. Barry* (with permission)
Stephen R. Barry (#21465)
Daphne P. McNutt (#20292)
Kathleen C. Marksbury (#1902)
BARRY & CO., LLC
405 West Main Street, Suite 101
Lafayette, LA 70501
Tel: (337) 237-2889
Fax: (337) 237-2878
sbarry@barrylawco.com
dmcnutt@barrylawco.com
kmarksbury@barrylawco.com

*Counsel for Defendants Government Employees Insurance Company and GEICO General Insurance Company*

12

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 25th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system or by United States Mail, postage prepaid.

                                              s/ *Ian M. Fischer*
                                              Ian M. Fischer