# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC PRUDHOMME ET AL** | **CASE NO. 6:15-CV-00098** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **GEICO INSURANCE CO ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is the Motion to Reconsider the Court's previous denial of Defendants' Motion to Compel Testimony from Dr. Johnette Hassell, to Reopen Discovery, and to Compel Testimony from Dr. Hassell, filed on behalf of Government Employees Insurance Company and GEICO General Insurance Company (collectively "GEICO"). (Rec. Doc. 187). Plaintiffs opposed the Motion (Rec. Doc. 189), and GEICO replied (Rec. Doc. 209). The Court conducted a telephone hearing on November 3, 2020. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is DENIED.

## Factual Background

Plaintiffs are a putative class of GEICO policy holders who brought this suit alleging that GEICO's vehicle valuation methods are unfair and improper. This is but one among several such cases pending against various insurers throughout the country regarding insurance vehicle valuation methods. Other similar cases include:

*Slade v. Progressive Security Insurance Company*, No. 6:11-CV-2164-MJJ-CBW (W.D. La.); *Curtis v. Progressive Northern Insurance Company*, No. Civ-17-1076-C (W.D. Okla.); *Gautreaux v. Louisiana Farm Bureau Casualty Insurance Company*, No. 19-17 (La. Ct. App.); *Jones v. Progressive Casualty Insurance Company, et al.*, No. 3:16-cv-06941-JD (N.D. Cal.); and *Gobert v. Allstate Insurance Company*, No. 6:15-CV-222-MJJ-CBW (W.D. La.).

Plaintiffs retained Johnette Hassell, Ph.D. as an expert. The plaintiffs in the other similar cases have also retained Dr. Hassell as an expert. GEICO deposed Dr. Hassell in March 2020. At that time, GEICO's counsel asked Dr. Hassell what opinions she offered in *Slade*. Plaintiffs' counsel objected and instructed Dr. Hassell not to answer on the grounds of relevance, asked-and-answered, and badgering. The same objections and instruction followed for questions regarding Dr. Hassell's opinions in the other similar cases. (Rec. Doc. 187-2, p. 1-9).

Following the deposition, GEICO filed a Motion to Compel Dr. Hassell to testify regarding her opinions in *Slade* and the other cases. (Rec. Doc. 159). Plaintiffs objected, arguing that Dr. Hassell's opinions in *Slade* were not relevant to this case and that GEICO should not be allowed to re-litigate *Slade* and the other cases. (Rec. Doc. 165). Plaintiffs further argued that the *Slade* litigation does have a protective order in place that would be applicable to some of the information Dr. Hassell would have utilized in forming her opinions, and furthermore, GEICO could obtain Dr.

Hassell's opinions in the other cases in the public record of those cases. GEICO has maintained that it does not have access to that information because it is subject to a protective order. Following briefing and a telephone hearing, Magistrate Judge Whitehurst denied the Motion. (Rec. Doc. 175; 176).

In early August 2020, Plaintiffs filed their Motion for Class Certification, which is set for hearing on November 9, 2020. (Rec. Doc. 183). Shortly thereafter, GEICO filed the instant Motion to Reconsider the previous denial of its motion to compel Dr. Hassell to testify. GEICO maintains that a change of circumstances—specifically Plaintiffs' reliance upon Dr. Hassell's opinions that were accepted in *Slade* as a form of precedent in support of its motion for class certification. The Court conducted a telephone hearing with the parties on November 3, 2020. Plaintiffs' counsel confirmed that a protective order has been issued in *Slade* which prohibits the release of confidential and proprietary information of the defendant in that case, Progressive. Further, Plaintiffs' counsel allowed some questions concerning the opinions in *Slade,* however, when defense counsel asked the open ended question of what were Dr. Hassell's opinion in *Slade*, that left open the possibility that Dr. Hassell would be revealing proprietary information of Progressive and its third party vendor, Mitchell, in violation of the protective order

3

issued in *Slade*.[1] No party or witness has sought modification of that protective order, and it presumably remains in place as of this writing. Geico argued that the parties in *Slade* waived the rights protected by that protective order by failing to enforce it. This Court disagrees as inherent in Judge Whitehurst's denial of the previous motion to compel is recognition of the protective order as argued by the plaintiff in opposition to the motion. (Rec. Doc. 165, p. 8). Geico admitted that it has obtained Dr. Hassell's reports from the *Slade* case, but argue that they are still entitled to question her in a deposition specifically on the opinions/methodology used for *those* reports as possible impeachment to the opinions she has rendered in this case.[2]

## Applicable Law

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration. Where it seeks to amend an interlocutory order, however, a motion for reconsideration is generally categorized by courts as a motion pursuant to Rule 54(b), which permits a court to revise an order adjudicating fewer than all the claims among the parties "at any time" before the entry of final judgment. *Johnson v.*

---

[1] The Defendant in *Slade* is a direct competitor to the defendant in this case, and the third-party vendor in *Slade* is a direct competitor to the third-party vendor in this case.

[2] The limited deposition excerpts submitted to the Court indicate that arguments pertaining to *Slade* are applicable to all the other cases; however, the parties' arguments focused on *Slade*. Thus, this Court's determination likewise focuses on *Slade*.

*Faniel*, No. 6:17-CV-00571, 2020 WL 262758, at *2 (W.D. La. Jan. 16, 2020), citing *Redford v. KTBS, LLC,* 2016 WL 552960 (W.D. La. 2/10/16).

The court has broad discretion to modify an order pursuant to Rule 54(b); however, "this broad discretion should be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Johnson*, 20 WL 262758, citing *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.,* 921 F.Supp.2d 548, 564-65 (E.D. La. 2013). In considering a motion to reconsider pursuant to Rule 54(b), courts generally apply a less exacting version of the standard used to alter or amend a final judgment under Rule 59(e). *Johnson*, 20 WL 262758, p. 2, citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.,* 259 F.Supp. 2d 471, 474-75 (M.D. La. 2002). Altering or amending a judgment pursuant to Rule 59(e) is a disfavored, "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Rule 59(e) permits amendment to the judgment only "to correct manifest errors of law or fact or to [address] newly discovered evidence." *Id.* Further, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

The Court denied GEICO's previous motion to compel testimony from Dr. Hassell regarding the specifics of her opinions in the other cases, because such testimony was irrelevant to the facts of the present case. GEICO now re-urges the

motion to compel, arguing that Plaintiffs have rendered Dr. Hassell's other opinions relevant by relying on the acceptance of those opinions by the courts in *Slade* to support their Motion to Certify Class Action, which is now pending before the District Court.

In their Motion to Certify, Plaintiffs urge the Court to certify this class action for the same reasons the courts certified the classes in *Slade* and *Gautreaux*. (Rec. Doc. 183-1, p. 16). Although the Court agrees that Plaintiffs' reliance upon Dr. Hassell's opinions in *Slade* and *Gautreaux* renders testimony about those opinions conceivably relevant, the Court is unwilling to allow the parties to potentially violate the protective order in *Slade* by questioning Dr. Hassell about specifics in *Slade* without seeking some form of relief from the protective order by the court that issued it. The parties' arguments and briefs suggest that GEICO was able to question Dr. Hassell about certain aspects of her work in *Slade*. Plaintiffs' counsel represented to the Court that he instructed Dr. Hassell not to answer only upon being asked an open-ended question regarding her opinion in *Slade*. The parties submitted only a limited deposition transcript excerpt from Dr. Hassell's deposition, and none disputed Plaintiffs' counsel's assertion. The Court is further mindful that GEICO possesses Dr. Hassell's reports from *Slade*. Thus, the Court finds that GEICO has not met its burden under F.R.C.P. Rule 54(b) to overcome the Court's previous order denying the motion to compel. GEICO could have raised the protective order issue with the

6

appropriate parties at the time of Dr. Hassell's deposition, or at least before filing its initial motion to compel. Absent authorization from the court or the parties in the *Slade* proceedings to seek information protected by the protective order, this Court finds no grounds to deviate from the Court's earlier denial of GEICO's motion to compel.

## Conclusion

For the reasons discussed herein, GEICO's Motion for Reconsideration is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of November, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE