UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERIC PRUDHOMME ET AL | CASE NO.  6:15-CV-00098 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GEICO INSURANCE CO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### MEMORANDUM ORDER

Now before this Court is plaintiff Eric Prudhomme's recent MOTION TO MODIFY PROTECTIVE ORDER.  (Rec. Doc. 300).  Defendants oppose the motion and seek an award of attorney fees and costs incurred in opposing Plaintiff's motion.  (Rec. Doc. 303).  Plaintiff filed this suit as a putative class action against defendant GEICO Insurance Co. ("GEICO") on December 2, 2014 in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana.  (Rec. Doc. 1-1).  Defendants removed the suit to this district court.  (Rec. Doc. 1).  By memorandum ruling issued December 22, 2020, Plaintiffs' Amended Motion for Class Certification was denied.  (Rec. Doc. 278).  Plaintiffs appealed the Court's ruling, which was affirmed by the Fifth Circuit Court of Appeals on March 15, 2022.  (Rec. Doc. 299).  No further activity has occurred in this case since the appellate ruling until Plaintiff's instant motion was filed on August 12, 2024.  (Rec. Doc. 300).

Plaintiff's motion alleges that, since the denial of class certification, counsel for Plaintiff is representing five former putative class members in prosecuting their claims in various city courts in Louisiana.  (*Id.* at p. 1). Plaintiff's motion seeks the modification of the Agreed Protective Order (hereinafter "Order") issued by the Court at the parties' request.  (Rec. Doc. 94).  Specifically, Plaintiff seeks modification of the Order to permit Plaintiff's counsel to use the deposition testimony of Daniel Stelly, Jeremy Louvre, Kathy Simon, and John Gintvainis, taken in 2019, in the pending city court suits by former

putative class members against defendant GEICO. (*Id.* at p. 2). GEICO vigorously opposes Plaintiff's motion on several bases, each addressed in turn below. (Rec. Doc. 303).

GEICO first argues that Plaintiff's motion fails to address entitlement to relief under Federal Rule of Civil Procedure 60, which provides in part that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, release, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In this matter, Plaintiff is not the party seeking to use the deposition testimony at issue. Rather, plaintiffs in the various city court suits seek access to this evidence for the benefit of their claims against GEICO. As noted by GEICO, putative class members are not parties to a suit once class certification is denied. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353–54 (1983) (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("We conclude, as did the Court in *American Pipe*, that 'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class *who would have been parties* had the suit been permitted to continue as a class action.'") (emphasis added)).

As non-parties to the instant suit, the former putative class members are not entitled to seek relief under Rule 60. Instead, a non-party may move to intervene pursuant to Rule 24(b). Plaintiff's motion does not seek permissive intervention under Rule 24, which requires, *inter alia*, that such motion "state the grounds for intervention and be

accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Even if Plaintiff had requested intervention, this Court would be constrained to deny relief under Fifth Circuit jurisprudence denying intervention by an applicant "merely trying to gain access to discovery materials generated in an earlier…suit for use in their own…case against the same defendant." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) (citing *Cunningham v. Rolfe*, 131 F.R.D. 587 (D. Kan. 1990)). Moreover, as noted by the Fifth Circuit, intervention should generally be denied where "the applicant can protect its interests and/or recover on its claim through some other means." *Deus*, *supra*, at 526 (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970), *cert. denied*, 400 U.S. 878 (1970)). The former putative class members who seek access to discovery produced during the instant suit are plaintiffs in suits of their own and may therefore seek discovery in those cases. That such discovery may not be cost effective in relation to the value of those claims does not confer standing for these non-parties to intervene in this matter.

Were this Court presented with a proper motion to intervene in this suit, the requested modification to the Order would still be denied under the four-factor analysis used by district courts presented with such a motion. Specifically, courts must consider: (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the requested modification; (3) the reliance on the order; and (4) whether good cause exists for modification. *Washington-St. Tammany Elec. Coop., Inc. v. La. Generating, LLC*, 2020 WL 10641896 (M.D. La. 12/10/2020).

Concerning the nature of the protective order, the Order that Plaintiff seeks to modify is a blanket protective order issued upon the joint motion of the parties. (*See*, Rec. Doc. 93). The Court did not impose this Order and its terms were agreed among the parties. While blanket protective orders are "moderately susceptible to modification" the

fact that the parties stipulated to the Order in question weighs against modification. *Washington-St. Tammany*, *supra*, at *4 (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006)).

Regarding foreseeability, the Order states that it "shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all Parties to this action filed with the Court, pursuant to the Federal Rules of Civil Procedure." (Rec. Doc. 94 at p. 9). While this language does not necessarily support the argument that modification was intended by the parties, at a minimum it evidences that modification was possible. Accordingly, this factor would weigh in favor of permitting modification.

When considering the third factor, the court must determine "'the extent to which a party resisting modification relied on the protective order in affording access to discovered materials.'" *Id.*, citing *Murata*, 234 F.R.D. at 180. GEICO argues that it relied heavily on the protections afforded to confidential materials under the Order when producing evidence in response to discovery requests in this case. "But for the [Order], GEICO would have exhausted all legal avenues to protect its proprietary information." (Rec. Doc. 303 at p. 14). GEICO further argues that preventing the use of discovery produced in this case in other civil suits is precisely the reason why it sought the protective order. (*Id.* at pp. 14–15). Parties often seek protective orders for this purpose and, as such, GEICO's assertion that it relied heavily on the Order when producing confidential materials in this case are supported by the nature of the suit and its competitive considerations. As such, this factor would weigh against modification.

Finally, this Court agrees that Plaintiff fails to show good cause for the modification sought. The potential costs associated with conducting discovery in a separate suit do not constitute good cause for the modification of the Order in this case. As noted several times

by GEICO, Plaintiff fails to address these factors at all in the instant motion. Moreover, as explained above, Plaintiff is not the party seeking modification and the former putative class members are not parties to this suit. This Court finds no basis for relief under Rules 24 or 60 and, as such, only addressed the foregoing four-factor analysis out of an abundance of caution.

GEICO's opposition includes a motion for attorney fees and costs associated with opposing Plaintiff's motion. (Rec. Doc. 303 at p. 17). After review of the motion and associated briefs, this Court declines to award attorney fees and costs as to the instant motion. That Plaintiff's motion is insufficient to warrant the relief requested does not equate to the sort of "vexatious" litigation conduct as to which this Court favors awarding sanctions under 28 U.S.C. § 1927.

Considering the foregoing, it is hereby

ORDERED that Plaintiff's MOTION TO MODIFY PROTECTIVE ORDER (Rec. Doc. 300) is DENIED. It is further

ORDERED that GEICO's incorporated Motion for Attorneys Fees and Costs pursuant to 28 U.S.C. § 1927 is DENIED.

SO ORDERED this 1st day of October, 2024 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**